## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

**WEATHERLY GRAHAM**
3500 West Franklin Street
Baltimore, Maryland 21229

And

**JUSTIN LANE**
3500 West Franklin Street
Baltimore, Maryland 21229

*Plaintiff,*

v.

**STATE OF MARYLAND**
Serve: Dereck E. Davis, Treasurer
80 Calvert Street
Goldstein Treasury Building
Annapolis, MD 21401

**SHERIFF SAM COGEN**
*Individually and in his Official Capacity*
Baltimore City Sheriff's Office
100 N. Calvert Street
Baltimore, Maryland 21202

And

**DEPUTY S. WASHINGTON (#9845)**
*Individually and in his Official Capacity*
Baltimore City Sheriff's Office
100 N. Calvert Street
Baltimore, Maryland 21202

And

**DEPUTY A. HAWLEY (#9835)**
*Individually and in his Official Capacity*
Baltimore City Sheriff's Office
100 N. Calvert Street
Baltimore, Maryland 21202

*Defendants.*

**\*Jury Trial Demanded\***

Civil Case No.: _____

## COMPLAINT AND JURY DEMAND

COME NOW, Plaintiffs Weatherly Graham and Justin Lane, by and through undersigned counsel, Cary J. Hansel, and Hansel Law, PC, and sues the above-named Defendants, stating as follows:

## INTRODUCTION

1.      This suit is brought by Plaintiffs Weatherly Graham and Justin Lane after a Baltimore City Sheriff's Deputy shot and killed Plaintiffs' dog, Boy, on the Plaintiffs' property without legal justification or excuse.

2.      On the date of the incident, Defendants Hawley and Washington walked by the Plaintiffs' property after being dispatched to the area to serve a warrant upon a neighbor.

3.      Boy was lawfully on her owners' front lawn using the bathroom when Defendants Washington and Hawley drew their firearms, shot, and killed Boy.  Boy never touched, bit, or lunged at the Defendants.

4.      After suffering the loss of Boy, a beloved pet that was a member of the family, the Plaintiffs' suffered, and continue to suffer, emotional, financial, and other damages and initiate this action to recover therefrom.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to Md. Code, Cts. & Jud. Proc., §§ 6-102, *et seq.*

6.      Venue is proper pursuant to Md. Code, Cts. & Jud. Proc., §§ 6-201 as all of the material events occurred in Baltimore City, Maryland.

2

7.      Plaintiff timely filed a proper notice of intent to file this action under the Maryland Tort Claims Act, §§ Md. Code, State Gov't, § 12-101 *et seq*., and Md. Code, Cts. & Jud. Proc., § 5-301 *et seq*. in full compliance with said acts.

8.      The Complaint is filed within three years of the cause of action.

9.      Pursuant to Md. Rule 2-305, the amount sought exceeds 75,000.

## PARTIES

10.     Plaintiff Weatherly Graham ("**Ms. Graham**") is and was at all times relevant to the occurrence complained of herein, an adult resident of Baltimore City, Maryland residing at 3500 West Franklin Street, Baltimore, Maryland 21229.

11.     Justin Lane ("**Mr. Lane**") is and was at all times relevant to the occurrence complained of herein, an adult resident of Baltimore City, Maryland residing at 3500 West Franklin Street, Baltimore, Maryland 21229.

12.     Defendant Deputy S. Washington (#9845) ("**Defendant Washington**"), is, and was at all times relevant to the occurrence complained of herein, upon information and belief, an adult resident of Baltimore City, Maryland.  Deputy Washington, is, and was at all times relevant to the occurrence complained of herein, employed by the Baltimore City Sheriff's Department as an officer, and at all times relevant hereto was acting in his individual capacity and/or in his official capacity as a Baltimore City Sheriff's Deputy and was acting under the authority and color of state law.

13.     Defendant, Deputy A. Hawley (#9835) ("**Defendant Hawley**"), is, and was at all times relevant to the occurrence complained of herein, upon information and belief, an adult resident of Baltimore City, Maryland.  Deputy Hawley, is, and was at all times relevant to the occurrence complained of herein, employed by the Baltimore City Sheriff's Department as an

officer, and at all times relevant hereto was acting in his individual capacity and/or in his official capacity as a Baltimore City Sheriff's Deputy. At all times relevant hereto, he was employed by and engaged in an occupation with the Baltimore City Sheriff's Department and was acting under the authority and color of state law.

14.     State of Maryland (**"State"**) has waived any applicable sovereign immunity in accordance with the Maryland State Tort Claims Act. Defendant State of Maryland is a body politic and corporate body that may sue and be sued. At all times relevant hereto, the Maryland State Police is an entity of the State of Maryland, and is further an agent of the State of Maryland.

## **FACTS COMMON TO ALL COUNTS**

15.     On or about April 8, 2020, Ms. Graham and Mr. Lane left their home early in the morning to go to work. Mr. Lane's best friend, Chice Watkins, was in the house at the time with Plaintiffs' dog, Boy.

16.     Boy was trained to use the bathroom in the front yard of the home and then immediately return to the house. There were no previous incidents involving Boy leaving the property without being accompanied by one of his owners.

17.     After opening the door to let Boy into the front yard, Ms. Watkins turned around to retrieve her shoes in order to follow him outside.

18.     At or around 9:30 am, Defendants Washington and Hawley arrived at 3510 West Franklin Street, Baltimore, MD 21229 in order to serve a warrant. The warrant was in no way related to Plaintiffs or their home.

19.     While Boy was on his owner's front lawn, Deputies Washington and Hawley began walking southbound on the sidewalk of 3500 Block of West Franklin Street. Upon noticing Boy on

the front lawn, the deputies withdrew their government issued handguns and pointed them at the dog.

20.     Before Ms. Watkins was able to grab her shoes, she heard gunshots and ran outside to see Boy laying dead in the middle of the street.

21.     Prior to the shooting, she did not hear any barking and did not hear anyone yelling or giving commands.

22.     Boy was first shot while still in the front yard of his home which is on a residential street. In an attempt to get away from the shooters, he hobbled away from the officers and into the middle of the street where he was shot again.

23.     Boy then laid down in the middle of West Franklin Street where he ultimately passed away.

24.     Defendants Washington and Hawley shot and killed Plaintiffs' dog without cause or provocation.

25.     Ms. Watkins immediately called Mr. Lane to tell him that officers shot Boy. He called Ms. Graham to tell her what happened, and then urgently left work and rushed home.

26.     At the same time, Ms. Graham received a notification through the Citizen mobile application stating that "An animal may have been shot after charging at an officer." The location of the alert was 3510 West Franklin Street, Baltimore, MD 21229.

27.     Mr. Lane arrived home before Ms. Graham.

28.     A Baltimore City Police Officer approached Mr. Lane, greeted him, apologized for the loss of his dog, and then explained that a Sheriff's Deputy had shot Boy.

29.     When he arrived, Boy was still laying in the middle of the street with blood pooling around him.  Mr. Lane asked if he could cover Boy because there were children in the neighborhood that loved him and wouldn't want to see him like that.

30.     A neighbor, Mr. Kirby, came outside to inform the officers that Boy was a friendly dog who never bothered anyone.  He confirmed that Boy never barked at the deputies before they discharged their firearms.

31.     Ms. Graham arrived shortly thereafter.  She was in a state of shock and could not believe that her dog had been shot.

32.     To those familiar with him, including next-door neighbors, Boy was described as a friendly animal who had never hurt or threatened a human being.  The children in the neighborhood frequently played with Boy.  He never barked at anyone and was known as a very calm dog.

33.     Boy was lawfully located on his owner's property and posed no threat to Defendants Washington or Hawley nor to anyone else when he was shot.

34.     At no point did Boy lunge at or attack the Deputies.  Boy had never bitten, attacked, lunged at, barked at, scratched or otherwise injured Defendants Washington or Hawley or anyone else prior to the shooting.  Deputies Washington and Hawley suffered no injury from encountering Boy, did not require medical attention after the interaction, and failed to take less than lethal action before permanently depriving the Plaintiffs of their family pet.

35.     Defendants Washington and Hawley shot Boy without warning and without first using any of the other non-lethal implements available to them including, but not limited to, their voices, hands, feet, batons, tasers, or mace.

36.     Defendants did not meaningfully retreat before discharging their weapon. Defendants could have chosen to retreat to their automobile or simply left the premises before deciding to permanently take the life of Ms. Graham and Mr. Lane's beloved animal.

37.     Upon realizing that they had lost their cherished and beloved dog, Ms. Graham and Mr. Lane felt immediate and severe emotional pain and mental anguish. He was visibly upset and confused by the loss as he witnessed Boy lifelessly lying on his left side.

38.     Deputies Washington and Hawley had no legal right or justification to harm Boy who was on his owner's property at the time of the initial shooting. Deputies, therefore, were trespassing and in violation of the Plaintiffs' constitutional rights.

39.     As a result of the Defendants' actions, Plaintiffs have suffered, and continue to suffer, mental anguish, emotional pain and suffering, and financial loss.

40.     At the time of the shooting, neither Deputies Washington and Hawley nor the Baltimore City Sheriff's Office had adequate policies or procedures in place to avoid events such as the shooting or to train officers to deal with household pets like Boy.

41.     Defendants' actions were outrageous and beyond the bounds of decency.

42.     Defendants' acts were a foreseeable cause of the injuries sustained by Plaintiffs.

43.     At all times relevant hereto, Defendants subjected the Plaintiffs to the deprivation of their rights with actual or implied malice, in an unreasonable and unnecessary fashion.

44.     Defendants' acts shocked the conscience and amounted to an inhumane abuse of power, thereby subjecting the Plaintiffs to a deprivation of their rights and privileges as secured by the Constitution and the Maryland Declaration of Rights.

45.     At all times relevant hereto, Defendants acted without legal justification or excuse.

46.     At all times relevant hereto, Defendants acted deliberately, with ill will, improper motive, and actual malice.

47.     At all times relevant hereto, Defendants acted within the scope of their employment with Baltimore City Sheriff's Office.  The State of Maryland is therefore vicariously liable for the tortious conduct of Deputies Washington and Hawley.

48.     Defendants committed each of the acts knowingly, intentionally, and maliciously. As a result, the Plaintiffs are entitled to an award of compensatory and punitive damages.

49.     In the alternative, at all times relevant hereto, Defendants acted with negligence and/or gross negligence in violation of the lawful duties owed to the Plaintiffs.

50.     At no time did Boy or the Plaintiffs cause or contribute to the damages.

51.     As a direct and proximate result of the aforesaid conduct, actions, and inactions of Defendants, as well as those stated elsewhere herein, the Plaintiffs were caused to suffer and continue to suffer physical and mental pain and anguish including, but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of society, shame, and loss of enjoyment of life.

52.     Plaintiffs further allege that all of their injuries, losses, and damages—past, present, and prospective—were caused solely by the actions of Defendants, as set forth above, without any negligence, want of due care, or provocation on the part of Plaintiffs, either directly or indirectly.

53.     The unjustified shooting of Boy, when he did not pose a threat to Deputies Washington and Hawley, are a direct result of customs, policies, patterns, and practices within the Baltimore City Sheriff's Office that encourages officers to shoot family pets and disregard other less lethal avenues.

54.     Defendants conduct shocks the conscience. Defendants provided no warning prior to shooting a non-aggressive family dog. Defendants deliberately discharged their department-issued weapons toward the family home, with an actual intent to injure or kill the family dog, Boy.

55.     At all times mentioned, Defendants acted intentionally, with an evil and rancorous and improper motive, with ill will and actual malice, and with the deliberate purpose to injure the Plaintiffs, by shooting the family dog illegally on their property. This state of mind constitutes malice as a matter of law.

**COUNT I**
**ARTICLE 24 & 26, MARYLAND DECLARATION OF RIGHTS**
**Unlawful Seizure of Property**
**(All Defendants)**

56.     Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

57.     Defendants Washington and Hawley unlawfully seized the Plaintiffs' dog, Boy, when they shot and killed him without legal justification or excuse, thereby injuring the Plaintiffs by depriving them of their property, without due process of law, and in violation of Article 24 of the Maryland Declaration of Rights.

58.     This permanent deprivation of Plaintiffs' property, in the form of Defendants Washington and Hawley shooting and killing Boy, constituted an unreasonable seizure of personal property by a law enforcement officer, in violation of the Maryland Constitution.

59.     Plaintiffs did not consent to Defendant Washington and Hawley's permanent deprivation of their personal property.

60.     Defendants Washington and Hawley had no legal justification to permanently deprive Plaintiffs of their personal property.

61.     As a direct and proximate result of Defendant Washington and Hawley's unconstitutional conduct, Plaintiffs suffered injuries in the form of severe physical injury to their family pet which resulted in Boy's death, as well as humiliation, disgrace, and loss of dignity.

62.     At all relevant times, Defendants Washington and Hawley acted under color of law, within their capacity and authority as Baltimore City Sheriff's Office Deputies.

63.     The State of Maryland is vicariously liable for the constitutional violations of Defendants Washington and Hawley.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

**COUNT II**
**ARTICLES 24 & 26, MARYLAND DECLARATION OF RIGHTS**
**Illegal Entry of Property**
**(All Defendants)**

64.     Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

65.     Defendants Washington and Hawley unlawfully entered onto Plaintiffs' property, without a search warrant, exigent circumstances, or other legal justification in violation of Plaintiffs' rights under Article 24 of the Maryland Declaration of Rights to be free from unlawful entry and seizures.

66.    As a direct and proximate result of the individual defendant's actions, Plaintiffs suffered injuries in the form of fear and apprehension, humiliation, disgrace, and loss of dignity.

67.    At the time of the unlawful entry, the individual defendants purportedly sought to serve a warrant on an unrelated person at a different home on Plaintiffs' street.

68.    At the time of the unlawful entry, Defendants Washington and Hawley were acting within the scope of their employment with Defendant State of Maryland who is vicariously liable for the constitutional violation.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

### COUNT III
**Conversion**
**(All Defendants)**

69.    Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

70.    Defendants Washington and Hawley maliciously and with intent to seriously harm or kill, shot Plaintiffs' beloved dog Boy.

71.    Defendants Washington and Hawley had no legal justification to shoot and kill Boy.

72.     At all times relevant hereto, Defendants Washington and Hawley acted without legal justification or excuse.

73.     At the time, Defendants Washington and Hawley purportedly sought to serve a warrant on an unrelated individual in the area and were acting within the scope of their employment with Defendant State of Maryland, acting under the color and pretense of law and under the color of statutes, customs, and usages of Defendant State of Maryland.

74.     At all times relevant to this Complaint, the Plaintiffs had a possessory interest in their family dog, Boy, who was lawfully owned by the Plaintiffs and lawfully present on the Plaintiffs' property at the time of the shooting.

75.     Defendants Washington and Hawley acted deliberately and with ill will, improper motive, and/or actual malice to interfere with Boy, the family dog.

76.     As a result of the Defendants' conduct, Plaintiffs were permanently deprived of Boy, their beloved family dog.

77.     In the alternative, Defendants Washington and Hawley acted with negligence and/or gross negligence in violation of lawful duties owed the Plaintiffs when they interfered with Boy, Plaintiffs' family dog.

78.     As a result of Defendants' conduct, Plaintiffs were permanently deprived of Boy.

79.     As a direct and proximate result of Defendants Washington and Hawley's conduct, Plaintiffs suffered injuries in the form of severe physical injury to their family pet which resulted in Boy's death, as well as humiliation, disgrace, and loss of dignity.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be

determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## COUNT IV
### Trespass to Property
### (All defendants)

80.     Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

81.     The individual defendants unlawfully entered onto Plaintiffs' property, without a search warrant, exigent circumstances, or other legal justification in violation of Plaintiffs' rights.

82.     As a direct and proximate result of the individual defendants' actions, Plaintiffs suffered injuries in the form of fear and apprehension, humiliation, disgrace, and loss of dignity.

83.     The Individual Defendants acted deliberately and with ill will, improper motive, and/or actual malice to interfere with Plaintiffs' property rights and trespass on Plaintiffs' property.

84.     In the alternative, the Individual Defendants acted with negligence and/or gross negligence in violation of lawful duties owed the Plaintiffs when they interfered with Plaintiffs' property rights and trespassed on Plaintiffs' property.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of

this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## COUNT V
### Fourth Amendment- Unlawful Seizure of Property
### (All Defendants)

85.    Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

86.    At all times relevant to this Complaint, the Plaintiffs had a clearly established right under the Fourth Amendment of the United States Constitution to be free from unreasonable seizure of personal property by law enforcement officers. These constitutional protections are applied to the states and their political subdivisions under the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

87.    At all relevant times, Defendants Washington and Hawley acted under color of law, within their capacity and authority as Baltimore City Sheriff's Deputies.

88.    At all times relevant to this Complaint, the Plaintiffs had a possessory interest in their family dog, Boy, who was lawfully owned by the Plaintiffs and lawfully present on the Plaintiffs' property at the time of the shooting.

89.    Defendants unlawfully seized Boy when he shot and killed Boy without legal justification or excuse, thereby injuring the Plaintiffs by depriving them of their property, without due process of law.

90.    This permanent deprivation of Plaintiffs' property, in the form of Defendants Washington and Hawley shooting and killing Boy, constituted an unreasonable seizure of personal property by a law enforcement officer, in violation of the Fourth Amendment of the United States Constitution.

14

91.     Plaintiffs did not consent to Defendants Washington & Hawley's permanent deprivation of their personal property.

92.     Defendants Washington and Hawley had no legal justification to permanently deprive Plaintiffs of their personal property.

93.     Defendants Washington and Hawley's conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiffs, to the point that Plaintiffs were treated as if those rights did not exist, even though Defendants Washington and Hawley knew, or should have known, of the existence of those rights.  In the alternative, Defendant Washington and Hawley's conduct constituted a knowing and intentional violation of Plaintiffs' Fourth Amendment rights.

94.     As a direct and proximate result of Defendant Washington and Hawley's unconstitutional conduct, Plaintiffs suffered injuries in the form of severe physical injury to their family pet which resulted in Boy's death, as well as humiliation, disgrace, and loss of dignity

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the  conduct which is the subject of this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

**COUNT VI**
**Negligence**
**(All Defendants)**

15

95.     Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

96.     In the event that the fact finder determines that the Individual Defendants did not act maliciously, but they were negligent in the performance of their duties, thereby injuring the Plaintiffs, then Defendant State of Maryland is vicariously liable for those negligent acts.

97.     The Individual Defendants owed the Plaintiffs a duty to use reasonable care when in their treatment of Plaintiffs' dog as set forth above, so as not to violate Plaintiffs' rights by subjecting them to an unreasonable seizure of their dog.

98.     The Individual Defendants breached that duty of care by unlawfully seizing Plaintiffs' dog and killing him as alleged above.

99.     As a direct and proximate cause of that breach, Plaintiffs suffered actual emotional injuries, financial damages, and the death of their family dog, Boy.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

### COUNT VII
**Gross Negligence**
**(All Defendants)**

100.    Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

101. The Individual Defendants intentionally failed to adequately perform their duties, violating the Plaintiffs' rights and subjecting them to the unreasonable seizure and deprivation of their dog.

102. The Individual Defendants' conduct demonstrated a thoughtless disregard of the consequences of their actions and showed no effort to avoid these consequences.

103. The Individual Defendants' conduct demonstrated an indifference to Plaintiffs' civil rights to the point where they acted as if such rights did not exist.

104. The Individual Defendants intentionally inflicted injuries on Plaintiff through their wrongful conduct.

105. As a direct and proximate cause of that breach, Plaintiffs suffered actual emotional injuries, financial damages, and the death of their family dog, Boy.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## COUNT VIII
### Fourteenth Amendment- Substantive Due Process
### (All Defendants)

106. Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

107. At all times relevant to this Complaint, the Plaintiffs had a clearly established right under the Fourteenth Amendment of the United States Constitution to be free from the deprivation of their personal property by law enforcement officers.

108. At all relevant times, Defendants Washington and Hawley acted under color of law, within their capacity and authority as Baltimore City Sheriff's Department Deputies.

109. At all times relevant to this Complaint, the Plaintiffs had a possessory interest in their family dog, Boy, who was lawfully owned by the Plaintiffs and lawfully present on the Plaintiffs' property at the time of the shooting.

110. Defendants Washington and Hawley unlawfully seized Boy, the Plaintiffs' dog, when they shot and killed Boy without legal justification or excuse, thereby injuring the Plaintiffs by depriving them of their property, without due process of law.

111. This permanent deprivation of Plaintiffs' property, in the form of Defendants Washington and Hawley shooting and killing Boy, constituted an unreasonable seizure of personal property by a law enforcement officer, in violation of the Fourteenth Amendment of the United States Constitution.

112. Plaintiffs did not consent to Defendant Washington and Hawley's permanent deprivation of their personal property.

113. Defendants Washington and Hawley had no legal justification to permanently deprive Plaintiffs of their personal property.

114. Defendants Washington and Hawley's conduct constituted an utter disregard for the established and manifest Fourteenth Amendment rights of Plaintiffs, to the point that Plaintiffs were treated as if those rights did not exist, even though the Deputies knew, or should have known,

of the existence of those rights. In the alternative, Defendant Washington and Hawley's conduct

constituted a knowing and intentional violation of Plaintiffs' Fourteenth Amendment rights.

115.     As a direct and proximate result of Defendant Washington and Hawley's

unconstitutional conduct, Plaintiffs suffered injuries in the form of severe physical injury to their

family pet which resulted in Boy's death, as well as humiliation, disgrace, and loss of dignity.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and

severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of

$75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be

determined at trial, and such other and further relief as the nature of the case requires including,

but not limited to, declaratory and injunctive relief declaring the  conduct which is the subject of

this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional

misconduct of the same type.

## COUNT IX
### Fourth Amendment- Unlawful Trespass
### (Individual Defendants)

116.     Plaintiffs adopt and incorporate by reference each and every allegation contained

in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

117.     At all times relevant to this Complaint, the Plaintiffs had a clearly established right

under the Fourth Amendment of the United States Constitution to be free from unreasonable

trespass on private property by law enforcement officers. These constitutional protections are

applied to the states and their political subdivisions under the Fourteenth Amendment to the

Constitution of the United States and 42 U.S.C. § 1983.

118.     At all relevant times, the Individual Defendants acted under color of law, within

their capacity and authority as Baltimore City Sheriffs Deputies.

119.    At all times relevant to this Complaint, the Plaintiffs had a reasonable expectation of privacy on their private property, including, but not limited to, the front yard of Plaintiffs' home.

120.    Boy was in the front yard of the home, lawfully on Plaintiffs' property, when the officers first shot him. This violation of Plaintiffs' right to their private property and reasonable expectation of privacy constituted an unlawful trespass by a law enforcement officer, in violation of the Fourth Amendment of the United States Constitution.

121.    Plaintiffs did not consent to the Individual Defendants' trespass on their private property.

122.    The Individual Defendants had no legal justification to trespass on Plaintiffs' private property.

123.    The Individual Defendants' conduct constituted an utter disregard for the established and manifest Fourth Amendment rights of Plaintiffs, to the point that Plaintiffs were treated as if those rights did not exist, even though the Individual Defendants knew, or should have known, of the existence of those rights. In the alternative, the Individual Defendants' conduct constituted a knowing and intentional violation of Plaintiffs' Fourth Amendment rights.

124.    As a direct and proximate result of Defendant Washington and Hawley's unconstitutional conduct, Plaintiffs suffered injuries in the form of severe physical injury to their family pet which resulted in Boy's death, as well as humiliation, disgrace, and loss of dignity.

WHEREFORE, Plaintiffs demand judgment against Defendants, individually, jointly, and severally, in an amount to be determined at trial, but in excess of the jurisdictional amount of $75,000.00 plus interest, costs, attorney's fees, and punitive damages in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of

this Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## COUNT X
### Trespass to Chattels

125.    Plaintiffs adopt and incorporate by reference each and every allegation contained in the foregoing paragraphs verbatim with the same effect as if fully set forth herein.

126.    The Defendants intentionally and unlawfully dispossessed Plaintiffs of their dog, Boy.

127.    Defendants did not have authority or justification to shoot and kill Boy while he was lawfully on his property.

128.    Defendants did not have Plaintiffs' consent to shoot and kill Boy while he was lawfully on his property.

129.    As a result, Plaintiffs have been permanently deprived of the use and companionship of their dog.

130.    The Individual Defendants acted deliberately and with ill will, improper motive, and/or actual malice to intermeddle with Plaintiffs' chattel and trespass on Plaintiffs' property.

131.    In the alternative, the Individual Defendants acted with negligence and/or gross negligence in violation of lawful duties owed the Plaintiffs when they interfered with Plaintiffs' chattel and trespassed on Plaintiffs' property.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,

HANSEL LAW, PC

*Tiana Boardman*

Cary J. Hansel (AIS No. 9912150020)
Tiana Boardman (AIS No. 2211280048)
2514 North Charles Street
Baltimore, MD 21218
T: 301-461-1040
F: 443-451-8606
cary@hansellaw.com
tboardman@hansellaw.com
*Counsel for Plaintiff*

# IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **WEATHERLY GRAHAM,** *et al.* | **\*Jury Trial Demanded\*** |
| *Plaintiffs,* | |
| v. | Civil Case No.: _____ |
| **STATE OF MARYLAND,** *et al.* | |
| *Defendants.* | |

## LINE REQUESTING SUMMONSES

SIR/MADAM CLERK:

Kindly accept the attached Complaint and Jury Demand for filing, issue summons

thereon, and return to undersigned counsel for service by private process.

Respectfully submitted,

HANSEL LAW, P.C.

*Tiana Boardman*

Cary J. Hansel (AIS No. 9912150020)
Tiana Boardman (AIS No. 2211280048)
2514 N. Charles Street
Baltimore, Maryland 21218
Tel: (301) 461-1040
Fax: (443) 451-8606
cary@hansellaw.com
tboardman@hansellaw.com
*Counsel for Plaintiff*

[18s
Case: 24-C-23-001879
CV File New
                    $80.00
Appear Fee
                    $20.00
RIF-New Case
                    $30.00
MLSC
                    $55.00
TOTAL          $185.00

Receipt #202300006602
Cashier: KE cbc04051STID
04/10/23  10:11am




[1s